## THE PEOPLE OF THE STATE OF NEW YORK EX REL. AMASA HUMPHREY, RESPONDENT, v. THE BOARD OF SUPERVISORS OF ULSTER COUNTY, APPELLANT.

*Mandamus — it should not be granted when the defendant has been legally enjoined from doing what the relator seeks to have done.*

The relator having recovered two judgments against the town of Kingston, applied for and obtained a peremptory *mandamus* commanding the Board of Supervisors of Ulster county to levy the amount of the judgments upon such portions of the towns of Kingston, Ulster and Woodstock as constituted the town of Kingston at the time of their recovery.    It appeared that before this application was made, an action had been brought in the Supreme Court by one Osterhout and others against the same board of supervisors, in which these very claims were decided to be illegal, fraudulent and exorbitant, and the audits thereof were vacated, and the board enjoined from levying or assessing the amounts claimed to be due thereon.    The judgment in such action had been affirmed at the General Term.

*Held*, that as this judgment was binding upon the defendant, the *mandamus* should not have been granted,

APPEAL by the board of supervisors of Ulster county from an order made at a Special Term awarding a peremptory *mandamus*.

The relator recovered two judgments in a justice's court against the town of Kingston, which were docketed in the Ulster county clerk's office.    He applied to the supervisors to levy and assess the amount on the said town or *pro rata* on the towns of Kingston, Ulster and so much of Woodstock as comprises the territory formerly in Kingston.    They refused to do so.    Thereupon he applied for and obtained a peremptory *mandamus* commanding the board to levy the amount of the judgments and costs on the towns of Kingston and Ulster as constituted at that time, and on so much of Wood-

stock as formed part of Kingston at the time of the recovery of the judgments, such amount to be levied upon the assessed valuation as it appeared by the tax roll of 1882, in such manner that each dollar of assessed valuation should pay its proportionate amount; that is, that the sums to be raised should be charged upon all the assessed property within the limits of Kingston, as it existed before the division.

*Howard Chipp, Jr.*, and *John J. Linson*, for the appellant.

*J. Newton Fiero*, for the respondent.

LEARNED, P. J.:

Without discussing in this case the question as to the mode of levying this money it seems to us that there is one great difficulty. It appears by the affidavits of the defendants that in an action brought by Tennis P. Osterhout, and others in this court, this board of supervisors was enjoined from levying or assessing these very claims upon the ground that they were illegal, fraudulent and exorbitant. In that action judgment was rendered vacating the audits of these claims and perpetually restraining the board as aforesaid. This judgment has been affirmed on appeal to the General Term.

It is plainly inconsistent that this court should, in this proceeding command the defendants to do what in an action it forbids them. What are the defendants to do? If they obey the *mandamus*, they disobey the injunction, and *vice versa*. We cannot place parties in that position. It is not necessary to say that the injunction was binding on this relator. For it is said that he {was not a party to that action. But it is binding on these defendants and they must obey it. The pendency of that action and the injunction granted therein were good reasons why they should not comply with the petition of the relator to assess his claim. And were good reasons why the *mandamus* should not have been granted. (*People ex rel. Duffy* v. *West Troy*, 25 Hun, 179; chap. 554, Laws 1880.)

We notice a fact to which the counsel have not referred and that is that both of the judgments are stated in the transcripts to be canceled of record. What the meaning of this is we do not know.

The relator urges that the defendants cannot impeach the judg-

ments for fraud, and says that a sheriff might as well question the legality of a judgment on which he had received an execution. But if the sheriff had, in any action, been enjoined from levying and collecting such execution, would the court have attached him for not collecting?

Perhaps the relator would have been permitted to show, if he could, that the injunction action was collusive. But that was not done.

The order should be reversed, with costs of appeal and printing disbursements and motion for *mandamus* denied, with fifty dollars costs and disbursements.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ:

Order reversed with costs, and motion denied, with fifty dollars costs and disbursements.